UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

HEATHER GONZALEZ on her own behalf
and others similarly situated,

           **Plaintiff,**

-vs-                                         Case No. 2:12-cv-69-FtM-29DNF

**DT WATER CORPORATION, a Florida
corporation doing business as Culligan
Water, DALE MAST, individually,**

           **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the parties' Joint Motion for Approval of FLSA Settlement, and Stipulation of Dismissal With Prejudice (Doc. 16) filed on June 4, 2012. The Plaintiff, Heather Gonzalez and the Defendants, D T Water Corporation and Dale Mast are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the

employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff worked for the Defendants as an hourly paid Collection Specialist. The Plaintiff was represented by counsel throughout this litigation. Based upon the parties' analysis of the Plaintiff's time records, the parties determined that at most the Plaintiff would be owed $1000.00 in overtime wages. (Doc. 16, p. 2). The Defendants do not concede that the Plaintiff is entitled to any overtime wages. The parties resolved the FLSA claims to avoid expensive litigation, and a lengthy proceeding. The Plaintiff acknowledges that the outcome of the litigation is uncertain. The parties agreed to pay the Plaintiff the amount of $1,500.00 for alleged overtime wages only. (Doc. 16, p. 4). The parties agreed that no liquidated damages were to be paid because there is no evidence of bad faith on the part of the Defendants. The parties agreed to pay $1,970.00 in attorneys fees and $530.00 in costs. The Court finds this settlement to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Joint Motion for Approval of FLSA Settlement, and Stipulation of Dismissal With Prejudice (Doc. 16) be granted and the Settlement Agreement and General Releases (Doc.16-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, and the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  19th  day of June, 2012.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record